1   Sharon Stiller (*pro hac vice* to be filed)
    **ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,**
2   **FORMATO, FERRARA & WOLF, LLP.**
    160 Linden Oaks, Suite E
3   Rochester, NY 14625
    (585) 218-9999
4   sstiller@abramslaw.com
    *Attorney for Defendant Parts Authority*
5

6   Michelle R. Matheson #019568
    **MATHESON & MATHESON, P.L.C.**
7   15300 North 90th Street
    Suite 550
8   Scottsdale, Arizona 85260
    (480) 889-8951
9   mmatheson@mathesonlegal.com
    **E-Service:** reception@mathesonlegal.com
10  *Local Counsel for Defendant Parts Authority*

11

12                  **IN THE UNITED STATES DISTRICT COURT**

13                     **FOR THE DISTRICT OF ARIZONA**

14
    EDWARD C. HUGLER,                        Case No. 2:16-cv-04499-DLR
15     Acting Secretary of Labor,
       United States Department of Labor,
16                                           **ANSWER OF DEFENDANT PARTS**
                Plaintiff,                   **AUTHORITY ARIZONA LLC**
17
    v.
18
    ARIZONA LOGISTICS, INC., d/b/a
19  DILIGENT DELIVERY SYSTEMS, an
    Arizona corporation; PARTS
20  AUTHORITY ARIZONA LLC, an
    Arizona limited liability company,
21
                Defendants.
22

23          Defendant Parts Authority Arizona LLC ("Parts Authority") answers Plaintiff's

24  Complaint for Injunctive Relief and to Recover Amounts Due Under the Fair Labor

25  Standards Act ("Complaint") as follows:

26

27

28

    Active/44943494.1

To the extent Plaintiff's "Introduction" requires a response, Parts Authority denies the allegations contained therein.

1.      Parts Authority admits that Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), seeks to enjoin alleged violations of the FLSA, and seeks to recover amounts allegedly owed to individuals alleged to be "employees" of Defendants. Parts Authority denies that such individuals are "employees" of Defendants and denies that Plaintiff is entitled to any relief whatsoever.  Parts Authority denies any remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Parts Authority admits the allegations set forth in Paragraph 2 of the Complaint.

3.      Parts Authority admits the allegations set forth in Paragraph 3 of the Complaint.

4.      Parts Authority admits that Arizona Logistics does business as Diligent Delivery Systems.  Parts Authority admits that Arizona Logistics has a corporate office in Houston, Texas and an office in Phoenix, Arizona, which is within the jurisdiction of this Court.  Parts Authority denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5.      Parts Authority admits it is an Arizona limited liability company and has an office and place of business located at 2550 N. Scottsdale Road, Tempe, Arizona, 85281, and several other locations in Phoenix, Mesa, Surprise, and Peoria, each within the jurisdiction of this Court.   Parts Authority denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      Parts Authority denies the allegations set forth in Paragraph 6 of the Complaint.

7.      Parts Authority is without sufficient information to admit or deny the allegations set forth in Paragraph 7 of the Complaint, and therefore denies the same.

8.      Parts Authority admits that some owner-operators who have contracted with Arizona Logistics have delivered Parts Authority's automotive and truck parts.  Parts

Authority is without sufficient information to admit or deny whether Arizona Logistics has entered into agreements with other companies, and therefore denies the same. Parts Authority denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9.      Parts Authority is without sufficient information to admit or deny the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

10.     Parts Authority admits that some owner-operators who have contracted with Arizona Logistics perform work at Parts Authority's warehouses and, while there, receive parcels to be delivered. Parts Authority admits that some owner-operators may return to the warehouses to receive additional parcels for delivery. Parts Authority denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.     Parts Authority denies that it maintains delivery invoices used to pay owner-operators. Parts Authority is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12.     Parts Authority is without sufficient information to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

13.     Parts Authority denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Parts Authority denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Parts Authority denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Parts Authority denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Parts Authority denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Parts Authority denies the allegations set forth in Paragraph 18 of the Complaint.

19.    Parts Authority admits that at least some owner-operators contracting with Arizona Logistics are or were engaged in commerce and the handling of goods that move or had been moved in commerce.  Parts Authority admits that, at all relevant times, it has had an annual gross volume of sales made or business done of no less than $500,000.00.  Parts Authority states that whether it is an "enterprise engaged in commerce or in the product of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s), is a legal conclusion for which no response is required.  Parts Authority denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20.    Parts Authority denies the allegations set forth in Paragraph 20 of the Complaint.

21.    Parts Authority denies the allegations set forth in Paragraph 21 of the Complaint.

22.    Parts Authority denies the allegations set forth in Paragraph 22 of the Complaint.

23.    Parts Authority denies the allegations set forth in Paragraph 23 of the Complaint.

24.    Parts Authority denies the allegations contained in Paragraph 24 of the Complaint.

**GENERAL MATTERS**

25.    Parts Authority denies each and every allegation contained in the Complaint that is not expressly admitted herein.

26.    Parts Authority denies Plaintiff is entitled to any relief whatsoever.

27.    Any factual averment or denial that would properly be stated as a separate defense shall be so construed, and any separate defense that would be properly stated as a factual averment shall be so construed.

## SEPARATE DEFENSES

### First Separate Defense

Plaintiff's claims are barred, in whole or in part, for failing to state a claim upon which relief can be granted.

### Second Separate Defense

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### Third Separate Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Separate Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Fifth Separate Defense

Plaintiff is barred from obtaining injunctive relief because Plaintiff has an adequate remedy at law and/or cannot satisfy other requirements for obtaining injunctive relief.

### Sixth Separate Defense

Plaintiff's claims are barred because Plaintiff seeks relief on behalf of individuals who are, or who were, providing services as independent contractors and, therefore, are not covered by the FLSA.

### Seventh Separate Defense

Plaintiff's claims are barred because Parts Authority was not, and is not, an employer of the individuals for whom Plaintiff seeks relief.

### Eighth Separate Defense

Plaintiff's claims are barred to the extent Plaintiff seeks relief on behalf of individuals who fall within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).

**Ninth Separate Defense**

Plaintiff's claims are barred, in whole or in part, by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent Parts Authority acted in good faith in conformity with and reliance on written administrative regulations, orders, rulings, approvals, interpretations, and/or written or unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**Tenth Separate Defense**

Plaintiff's claims are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, to the extent any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

**Eleventh Separate Defense**

Plaintiff's claims are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which an individual for whom Plaintiff seeks relief was engaged in activities preliminary to or postliminary to the individual's principal activity or activities.

**Twelfth Separate Defense**

Plaintiff's claims are barred, in whole or in part, because any alleged unpaid work time is *de minimis*.

**Thirteenth Separate Defense**

Parts Authority acted in full compliance with the FLSA.

**Fourteenth Separate Defense**

The individuals for whom Plaintiff seeks relief unreasonably failed to limit or mitigate their damages.

**Fifteenth Separate Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Parts Authority did not authorize, require, request, suffer, or permit work by the individuals for whom the Plaintiff seeks relief.

**Sixteenth Separate Defense**

Plaintiff's claims cannot be resolved on a representative basis.

**Seventeenth Separate Defense**

Damages, if any, must exclude aspects of compensation that are excludable from the regular rate of pay under 29 U.S.C. § 207(e).

**Eighteenth Separate Defense**

Plaintiff's clams are barred, in whole or in part, to the extent Parts Authority lacked constructive or actual knowledge of hours worked.

**Nineteenth Separate Defense**

Plaintiff's claims are barred, in whole or in part, to the extent the individuals for whom Plaintiff seeks relief have failed to pursue contractual alternative dispute resolution procedures, such as arbitration or mediation.

**Twentieth Separate Defense**

Plaintiff and the individuals for whom Plaintiff seeks relief are not entitled to prejudgment interest, even if they prevail.

**Twenty-First Separate Defense**

To the extent an individual for whom Plaintiff seeks relief received compensation for alleged unpaid overtime wages in connection with, or as a result of, a payment supervised by the U.S. Department of Labor, or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, the doctrine of waiver bars the claims asserted by Plaintiff.

**Twenty-Second Separate Defense**

Parts Authority at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and Parts Authority did not violate the FLSA willfully or act with an intent to violate the FLSA.

**Twenty-Third Separate Defense**

Damages, if any, must be reduced by offsets and credits, including credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

**Twenty-Fourth Separate Defense**

As discovery progresses, other defenses may become apparent or available. Parts Authority reserves the right to assert other defenses as they become apparent or available and to amend this Answer accordingly. No defense is being knowingly or intentionally waived.

WHEREFORE, Parts Authority respectfully requests that the Complaint be dismissed, with prejudice, that Parts Authority be awarded its costs, expenses, and reasonable attorneys' fees, and that the Court award other appropriate relief.

Parts Authority demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th day of March, 2017.

By:  /s/ Michelle R. Matheson
     Michelle R. Matheson #019568
     MATHESON & MATHESON, P.L.C.
     15300 North 90th Street, Suite 550
     Scottsdale, Arizona 85260
     *Local Counsel for Defendant Parts Authority Arizona LLC*

     Sharon Stiller
     *(pro hac vice to be filed)*
     ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP.
     160 Linden Oaks, Suite E
     Rochester, NY 14625
     *Attorney for Defendant Parts Authority*

Active/44943494.1                                8

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 6th day of March, 2017, I electronically filed the foregoing **ANSWER OF DEFENDANT PARTS AUTHORITY ARIZONA LLC** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Grace A. Kim
US Department of Labor - Office of the Solicitor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Email: kim.grace@dol.gov

*/s/ Christina Hackett*