**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Scalia[1], et al., | No. CV-16-04499-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Logistics Incorporated, et al., | |
| Defendants. | |

This is a Fair Labor Standards Act ("FLSA") enforcement action brought by the United States Department of Labor ("DOL") against Defendants Arizona Logistics Incorporated doing business as Diligent Delivery Systems, Parts Authority Arizona, LLC, and Larry Browne. The DOL claims Defendants misclassified certain delivery drivers as independent contractors, adversely impacting their pay. This order addresses Browne's motions to compel arbitration (Doc. 150) and to dismiss for lack of personal jurisdiction (Doc. 152). The motions are fully briefed (Docs. 155, 156, 160, 166), and neither party requested oral argument or an evidentiary hearing. The Court denies both motions.

**I. Personal Jurisdiction**

The DOL is responsible for showing that the Court has personal jurisdiction over Browne. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The Court may exercise personal jurisdiction over Browne if he has enough contacts with Arizona

---

[1] Secretary of Labor Eugene Scalia is substituted as a Plaintiff in this matter per Federal Rule of Civil Procedure 25(d).

that the claims against him fairly and justly can be heard here. *See Walden v. Fiore*, 571 U.S. 277, 283 (2014); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); Fed. R. Civ. P. 4(k)(1)(A); Ariz. R. Civ. P. 4.2(a).

Personal jurisdiction can be general or specific. A defendant having continuous and systematic contacts with the forum state is subject to general personal jurisdiction and can be sued on any cause of action within that forum. *See Int'l Shoe*, 326 U.S. at 318. In contrast, specific personal jurisdiction exists when a lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colo., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The DOL contends that Browne is subject to specific jurisdiction.

Assessing specific personal jurisdiction is a three-part inquiry: (1) did Browne purposefully direct his activities or consummate some transaction with Arizona or an Arizona resident, or purposefully avail himself of the privilege of conducting activities here;[2] (2) does the DOL's claims arise out of or relate to Browne's Arizona-related activities; and (3) would exercising personal jurisdiction be reasonable? *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The DOL is responsible for satisfying the first two prongs, at which point Browne must show compellingly that exercising jurisdiction would be unreasonable. *Id.*

This is not the first time the Court has considered its personal jurisdiction over Browne. When the DOL asked to amend its complaint to add Browne as a defendant, Arizona Logistics opposed the request in part because it believed the Court would lack personal jurisdiction over Browne. After carefully reviewing the evidence, the Court allowed the amendment. The Court found "[t]here is evidence that Browne negotiated and approved some client contracts, including contracts that cover most drivers in this case. There also is evidence that Browne directed deduction from drivers' pay and that he was

---

[2] Availment and direction are distinct concepts; the former typically applies to contract claims, the latter to torts. *Schwarzenegger*, 374 F.3d at 802. FLSA wage and hour claims, which are neither contract claims nor torts, do not neatly fall into either of these categories, and there is some debate over which test applies. *See Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1022-23 (N.D. Cal. 2015). The Court need not pick sides, however, because the Court finds both tests are satisfied.

involved in key aspects of the SSF contract." (Doc. 139 at 2.) The Court made these observations when evaluating whether the DOL alleged enough facts that Browne is an employer under the FLSA. But in allowing the DOL to amend its complaint, the Court implicitly rejected Arizona Logistics' argument that the Court lacked personal jurisdiction over Browne.

The DOL argues that this ruling operates as law of the case, precluding Browne from relitigating the personal jurisdiction question. The Court disagrees. The Court rejected the personal jurisdiction argument implicitly and in a different context. Moreover, because Browne was not yet a party, he did not personally participate in that first round of briefing. Although the Court's order on the DOL's motion for leave to amend reflects its impressions of the evidence pertinent to the jurisdiction question, Browne is entitled to an opportunity to be heard on this question.

Browne's problem is not law of the case—it is that he has not persuaded the Court to deviate from its initial impressions of the evidence. Importantly, because Browne's motion is based on written materials rather than an evidentiary hearing, the DOL needs to make only a prima facie showing of jurisdictional facts. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Uncontroverted allegations in the DOL's complaint must be taken as true and conflicts between the parties' written evidentiary materials must be resolved in the DOL's favor. *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). To support his motion, Browne submits an affidavit in which he denies the allegations in the DOL's complaint, but the DOL is not resting on the allegations in its complaint. The DOL cites to other evidence, including the evidence considered by the Court at the amendment stage, to show that Browne availed himself of the privilege of doing business in Arizona and directed relevant activities here. Browne argues that this evidence should be interpreted differently, but at this juncture the Court must resolve such conflicts in the DOL's favor.

Accordingly, the DOL has made a prima facie showing that Browne negotiated and approved some client contracts (including contracts that cover most drivers in this case),

directed deduction from drivers' pay, and was involved in key aspects of the SSF contract. The DOL also has made a prima facie showing that the FLSA wage and hour claims at issue arise out of or relate to these activities.[3] *See Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Browne has not shown that it would be unreasonable for the Court to exercise personal jurisdiction over him. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (discussing reasonableness factors). The burdens he identifies are largely burdens associated with litigation, generally, not with litigation in Arizona, specifically. Moreover, it would be grossly inefficient to require the DOL to pursue separate litigation in Texas, considering how far along this case has proceeded. For these reasons, the Court finds that it has personal jurisdiction over Browne.

**II. Arbitration**

Some, but not all, of the delivery drivers that the DOL claims Defendants misclassified signed Owner-Operator Agreements that include arbitration clauses. Browne argues that the DOL's claims for victim-specific relief (namely backpay) on behalf of these delivery drivers must be submitted to arbitration. The DOL does not dispute that these Owner-Operator Agreements contain arbitration clauses or that these arbitration clauses are enforceable against the individual delivery drivers who signed them. The sole dispute is whether these arbitration provisions are enforceable against the DOL when it brings an enforcement action.

Both parties argue that the answer to this question can be gleaned from *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002), in which the Supreme Court held that a private arbitration agreement between an employer and an employee was not binding on the EEOC in an enforcement action seeking backpay and other victim-specific relief for that employee. The DOL argues that this same logic applies to enforcement actions brought by the DOL on behalf of allegedly injured employees. Browne argues that *Waffle House* is limited to EEOC enforcement actions, that the Supreme Court in recent years has issued a

---

[3] Notably, the Central District of California reached the same conclusion in a substantially similar case against Browne based on substantially similar facts. (*See* Doc. 160-9.)

number of decisions favoring arbitration, and that in light of procedural differences between EEOC and DOL enforcement actions, the Court should find that the DOL's claims for victim-specific relief are subject to arbitration.

The Court does not read *Waffle House* as narrowly as Browne argues. *Waffle House* includes discussion of the EEOC's specific statutory enforcement scheme because the EEOC was the agency bringing the enforcement action at issue. The decision as whole, however, indicates that private arbitration agreements will not preclude government agencies from bringing enforcement actions authorized by law. Indeed, the Ninth Circuit recently suggested, albeit in dicta, that it interprets *Waffle House* in this matter. *See Am. Airlines, Inc. v. Mawhinney*, 904 F.3d 1114, 1120 (9th Cir. 2018) (citing *Waffle House* for the proposition that an arbitration agreement would not apply to an enforcement action by the government agency, such as a the DOL).

In arguing otherwise, Browne essentially asks the Court to adopt the view of Justice Thomas in his *Waffle House* dissent. Indeed, Browne's many textual and policy-based arguments in favor of arbitration were discussed and accepted by Justices Thomas, Scalia, and Rehnquist. The problem for Browne, though, is that these textual and policy-based arguments failed to persuade the Court's majority.

Accordingly, because the Court interprets *Waffle House* (in conjunction with the dicta in *Mawhinney*) to allow government agencies to bring statutorily authorized enforcement actions seeking victim-specific relief, notwithstanding private arbitration agreements between the employer and individual employees, Browne's motion to compel arbitration is denied.

//
//
//
//
//
//

1 **IT IS ORDERED** that Browne's motions to compel arbitration (Doc. 150) and to dismiss (Doc. 152) are **DENIED**.

Dated this 24th day of March, 2020.

_____
Douglas L. Rayes
United States District Judge