**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Logistics Incorporated, et al.,<br><br>Defendants. | No. CV-16-04499-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendants' Joint Moton for Sanctions. (Doc. 239.) Defendants ask the Court to strike the declarations of three independent contract drivers whose affidavits have been submitted by Plaintiff in support of its Response in opposition to Defendants' motion for summary judgment. Those witnesses have not been deposed and their expected testimony had not been previously disclosed in interrogatory answers. Defendants also seek to strike the declarations of Espinoza and Benitez, arguing that they are offering expert opinions for which there have been no disclosures as required by Fed. R. Civ. P. 26(a)(2). The motion is fully briefed and for the reasons set forth herein is granted in part and denied in part.

**I.      Background**

At the May 11, 2017 scheduling conference, Defendants raised the issue of Plaintiff's refusal to produce the names of delivery drivers who would be witnesses in the case. Plaintiff refused to give their names based on an informant's privilege objection.

The Court ordered briefing on the issue, but stated "I assume [DOL is] going to disclose it well before that deadline [for fact discovery] so [Defendants] have time to depose them… Because if you don't disclose it and they don't have a chance to depose them, then you won't be able to call them at trial… [Y]ou've got to disclose them in time for the defense to do their homework and discovery." (Doc. 41-2 at 12-13.)

On June 13, 2017, Plaintiff responded to interrogatories seeking the names of all drivers Plaintiff would call at trial to prove its claim, by raising the government informant's privilege. At a hearing on the discovery dispute, the Court sustained Plaintiff's objection on the claim of the informant's privilege. In an effort to protect the witnesses from the risk of harassment but at the same time allow Defendants the opportunity to conduct discovery concerning these witnesses before they testify in the case, the Court issued an order that (1) allowed Plaintiff to withhold the disclosure of the witnesses' names until 75 days before trial and (2) required Plaintiff to respond to interrogatories and requests for production requesting specific information "about the times and locations and the specific claims that are being made, and what the testimony will be about the facts being relied on to establish that there was an employer/employee relationship." (Doc. 42.)

After the discovery hearing, Defendants propounded a second set of interrogatories asking Plaintiff to provide the information the Court had specified should be disclosed, i.e., the facts, communications and documents that support Plaintiff's allegation that the driver is or was an employee. Plaintiff answered:

> To the extent there is further unprivileged responsive information, it is readily available to Defendants in deposition transcripts and the documents already exchanged during discovery, including the unprivileged portions of more than 50 Delivery Driver interview notes and voicemail transcripts already produced to Defendants.

(Doc. 239 at 6.)

Plaintiff contends that it properly answered the interrogatory and that Defendants have not been prejudiced because Plaintiff's Rule 26(a)(1)(A)(i) disclosure included the names of the three witnesses in question along with the names of the 1,400 drivers it

identified as potential witnesses. Plaintiff further argues that there has been no discovery violation because it is in compliance with the Court's order of the disclosure of trial witness names by 75 days before trial (trial has not yet been scheduled).

**II.     Discussion**

Plaintiff failed to comply with the Court's order that it must answer discovery seeking facts the witnesses would provide. Plaintiff's use of declarations in summary judgment briefings of non-disclosed witnesses whom Defendants have not had an opportunity to depose violates the intention of the Court's order and the long-standing and well-established principle that surprise is not allowed. The purpose of discovery is to allow all parties equal access to relevant information. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). "[T]he purpose of discovery is to remove surprise from trial preparation[.]" *Oakes v. Halverson Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

When discussing Plaintiff's request to withhold the names of its witnesses pursuant to the informant's privilege, the Court stated that Plaintiff could not use witnesses who Defendants did not have a chance to depose. Given that all parties have moved for summary judgment, it is possible that a dispositive motion could be the only review of the facts. In accommodating Plaintiff's concerns that supported its request for the Court to recognize a limited privilege to delay the disclosure of witness names, the Court was careful to protect Defendants' rights to discovery before any witness was allowed to present evidence. The use of undisclosed witness testimony, even in response to a motion for summary judgment, violates the intent of the Court's order.

The fact that those three witnesses were included in the list of 1,400 drivers who may have information in Plaintiff's Rule 26(a)(1) disclosure is not sufficient to alert Defendants that these are the three witnesses that need to be deposed. Plaintiff's list of 1,400 potential witnesses is no better than handing Defendants a phone book. Defendants propounded an interrogatory that asked for the names of "all IC Drivers that DOL would call at trial to prove its claims." (Doc. 41-1 at 13.) The failure to supplement that

interrogatory after Plaintiff became aware that it would be relying on the testimony of the three subject drivers violated the Court's order and the intent underlying it, resulting in the use of witnesses who had not been deposed—the very thing the Court said it would not allow.  The declarations of Butler, Mines and Peralta are stricken.

Defendants' also object to paragraphs 8, 12, 13, 14, 15, and 16 of Espinoza's first declaration and paragraphs 9, 11, and 12 of her second declaration.  They further object to paragraph 13 of the Benitez declaration.  The objections are based on the claim that these two witnesses are offering expert opinions, but they have not been disclosed as experts because they did not submit reports as required by Fed. R. Civ. P. 26(a)(2).  The required expert reports are intended to allow the opposing party fair notice of the information necessary to prepare for trial.  Failure to comply could result in the witness being excluded.  Fed. R. Civ. P. 37(c)(1).

Plaintiff's response indicates that Espinoza's opinions were not a surprise.  She had been disclosed as its witness on back-wage computations.  On May 3, 2018, Defendants deposed her. (Doc. 244-1 at 74-124.)  Knowing that Espinoza was going to offer opinions, instead of informing Plaintiff of concerns that an expert report was required or that they needed more information to prepare for her deposition, Defendants deposed her, then waited to spring this motion to exclude after discovery was closed.  Defendants have not indicated any prejudice by the lack of an expert report or that the lack of report prevented them from thoroughly exploring her opinions in deposition.  They seek exclusion simply because she did not submit a report that met the Rule 26 requirements.

Defendants are correct that Plaintiffs have an affirmative duty to file an adequate disclosure.  However, the Arizona Supreme Court, one of the first courts in the country to employ disclosure requirements, has dealt with the tactics employed here and rejected them as contrary to the intent and purpose of disclosure:

> Lying in wait is not an acceptable strategy. Allstate's attorneys, though they knew the Kormans had not filed a disclosure statement, did nothing to remind them of their obligation and made no additional requests for the information[.] Such tactics, in the long run, can only serve to cause disrespect and other harm to the civil justice system. The new rules anticipate that

> attorneys, as officers of the court, will work together to bring about decisions on the merits of cases, rather than try to trip each other with technicalities.

*Allstate Ins. Co. v. O'Toole*, 896 P.2d 254, 258 (Ariz. 1995).  The disclosure rules are designed to provide parties "a reasonable opportunity to prepare for trial or settlement—nothing more, nothing less."  *Bryan v. Riddel*, 875 P.2d 131, 135 n.5 (Ariz. 1994). The parties' participation in a cooperative and active search for the facts is consistent with the discovery procedures set forth in the rules of civil procedure.

Defendants' position here advocates instead for an approach contrary to such procedures.  Rather than seeking out the report, they silently waited, apparently hoping Plaintiff's counsel would not recognize the alleged oversight.  The policy behind the disclosure rules is not to create a "weapon" for excluding witnesses on a technicality. *O'Toole,* 896 P.2d at 257.  Rather, the purpose of the mandatory exclusionary sanction is to put "teeth" into the disclosure requirements of Rule 26(a), deterring litigants and their counsel from withholding relevant information by precluding its later use at trial. *See Riddel*, 875 P.2d at 135 ("This sanction was never designed or intended, however, to be just another weapon in the arsenal of those who delight in gamesmanship and like to call it 'advocacy.'").

Defendants' motion does not argue that Plaintiff's failure to file a report was done as a trial tactic or strategy to gain some unfair advantage.  Defendants do not explain how the deposition of Espinoza did not allow for the discovery of all the information required by a Rule 26 expert report.  Rule 37(c)(1) provides that the failure to provide information required by Rule 26(a) will result in that exclusion of that witness unless the failure is harmless.  Because Defendants have deposed Espinoza, the lack of proper disclosure appears harmless.  Defendants have not argued otherwise.  The Court will not strike any portion of Espinoza's declaration.

It does not appear that Benitez has been deposed.  Defendants object to Paragraph 13 of Benitez's declaration (Doc. 228 at 4), in which he calculates annual pay based on a rate of 44 cents per hour.  Defendants are correct.  That 44 cent figure is not a summary of

Defendants' records, it is not a calculation based on figures pulled from Defendants' records, and is not rationally based on Benitez's personal perception. It therefore does not meet the requirements for admissibility of either Fed. R. Evid. 701 or 1006. Paragraph 13 of the Benitez declaration is stricken.

**IT IS ORDERED** that Defendants' Joint Moton for Sanctions (Doc. 239) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

Dated this 31st day of January, 2022.

Douglas L. Rayes
United States District Judge