Marc A. Pilotin
Regional Solicitor
Boris Orlov (CSBN 223532)
Counsel for Wage and Hour
Hailey McAllister (CSBN 326785)
Eduard Meleshinsky (CSBN 300547)
Paige B. Pulley (CSBN 312596)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-2707
Fax: (415) 625-7772
Email: pulley.paige.b@dol.gov
*Attorneys for Plaintiff Secretary of Labor*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J. Walsh,<br> Secretary of Labor,<br> United States Department of Labor,<br><br> Plaintiff,<br> v.<br><br><br>Arizona Logistics, Inc., d/b/a Diligent Delivery Systems, an Arizona corporation; Larry Browne, an individual; Parts Authority Arizona, LLC, an Arizona limited liability company.<br><br> Defendants. | Case No. CV-16-04499-PHX-DLR<br><br><br>**PLAINTIFF'S REPLY TO DEFENDANT ARIZONA LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER TO CONDUCT LIMITED WRITTEN EXPERT DISCOVERY AND TO DESIGNATE A REBUTTAL EXPERT** |

1

## I.   **ARGUMENT**

2        Plaintiff Secretary of Labor's ("Secretary") Motion to Modify the Scheduling

3   Order to Conduct Limited Written Expert Discovery And to Designate A Rebuttal Expert

4   ("Motion") should be granted for three reasons: First, no Defendant objected to Plaintiff's

5   request to designate a rebuttal expert. Instead, Arizona Logistics Inc. ("Diligent"), merely

6   opposed Plaintiff's request for written discovery as unnecessary—a misplaced argument

7   the Secretary addresses herein.

8        Second, Diligent's position that "nothing could be learned from [expert] written

9   discovery" is unfounded. For example, the Secretary requires limited written expert

10  discovery to access the underlying data Dr. White input into the third-party sites and used

11  to form his conclusions. Dr. White's report relies on a "TCO calculator" from a third-party

12  site called "Edmunds.com." *See* ECF No. 227-2, at 101-102.[1] Exhibit 1 of Dr. White's

13  second report "presents a chart showing the Edmunds fifth year TCO estimate per mile for

14  15 of the most commonly driven sedans in the United States, using only model year 2014

15  vehicles." *Id.* However, there is no cite associated with Exhibit 1 that identifies any of the

16  data Dr. White used to create this chart. Indeed, the Secretary is completely unaware of

17  how or what information Dr. White used to determine which cars qualified as the "15 []

18  most commonly driven sedans in the United States." The Secretary is not even clear as to

19  whether Dr. White selected the 15 vehicles himself, or if Edmunds.com created this list of

20  15 vehicles that Dr. White then relied upon to create Exhibit 1. If it is the former scenario,

21  the Secretary needs the data Dr. White used to select these 15 vehicles. If it is the latter

22  scenario, Dr. White failed to properly cite the sources so that the Secretary can attempt to

23  access this information from Edmunds.com. This example exemplifies why the Secretary

24  requires limited written discovery—to identify and understand the materials and data Dr.

25  White relied on in his second expert report, which may not all be publicly available as

26

27  _____

28  [1] The Secretary uses the ECF-stamped page numbering found on the top right section of
    the filed document to cite specific portions of Dr. White's report at ECF No. 227-2.

Diligent argues. Diligent's assertion that the Secretary "had a chance to conduct discovery on Dr. White and chose not to prior to the close of expert discovery" fails to acknowledge that Defendants are using Dr. White to testify on a different topic than they originally disclosed. Any discovery during the original expert discovery period would have been in vain because Dr. White had not offered an opinion on vehicle expenses at that time. As Diligent well knows, and as the basis for the Secretary's Motion, the expert discovery cutoff date occurred more than two years before Defendants put forward Dr. White's second expert opinion, which prejudiced Plaintiff and prevented him from issuing the necessary discovery on Dr. White. *See* ECF No. 260, at 4-5.[2]

Finally, this Court found that Defendants violated the expert disclosure deadlines—contrary to Defendant's position that its late expert disclosure was harmless—and the Court attempted to remedy the prejudice to Plaintiff by reopening discovery to allow the Secretary to depose Defendants' expert on his newly disclosed opinions. To sufficiently address the prejudice against Plaintiff, however, the Secretary as requested in his Motion will need to issue limited written expert discovery and designate his own expert to rebut the untimely opinion topics of vehicle cost, maintenance, depreciation, and the IRS rate of reimbursement.

Defendant's claim that the Secretary's Motion is premature is merely another attempt to delay. The Secretary filed his initial complaint on December 21, 2016 (ECF No. 1). More than five years has passed, and while the parties await the Court's consideration of the Secretary's and the Defendants' motions for summary judgment it is imperative that the parties continue to prepare for trial. Delaying Plaintiff's Motion will not aid the parties in their obligation to move this case forward to resolution.

---

[2] The Secretary also seeks and is entitled to request communications between Dr. White and Defendants pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii).

1

## II.  <u>CONCLUSION</u>

2

For the reasons stated herein, the Secretary respectfully requests that the Court

3

grant his Motion to Modify the Scheduling Order to Conduct Limited Written Expert

4

Discovery And to Designate A Rebuttal Expert.

5

6                                                                    Respectfully submitted,

7   Dated: March 31, 2022                          SEEMA NANDA
                                                    Solicitor of Labor
8

9                                                   MARC A. PILOTIN
                                                    Regional Solicitor
10

11                                                  BORIS ORLOV
                                                    Counsel for Wage and Hour Litigation
12

13                                                  /s/   *Paige B. Pulley*
                                                    PAIGE B. PULLEY
14                                                  HAILEY R. MCALLISTER
                                                    EDUARD MELESHINSKY
15

16                                                  *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28