**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E Perez, et al., | No. CV-16-04499-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Logistics Incorporated, et al., | |
| Defendants. | |

This is a Fair Labor Standards Act ("FLSA") enforcement action brought by the United States Department of Labor ("DOL") against Defendants Arizona Logistics Incorporated doing business as Diligent Delivery Systems ("Diligent"), Parts Authority Arizona, LLC ("Parts Authority"), and Larry Browne.  The DOL claims Defendants misclassified certain delivery drivers as independent contractors, adversely impacting their pay.  At issue are the parties' motions for summary judgment (Docs. 199, 201, 203, 205), which are fully briefed.[1]

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence.  *Anderson v. Liberty Lobby,*

---

[1] Oral argument is denied because it will not aid the Court's decision-making.  *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

1    *Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061

2    (9th Cir. 2002).

3          Collectively, the motions raise six issues: (1) whether the delivery drivers are

4    employees, rather than independent contractors, (2) whether Parts Authority and Browne

5    are joint employers of the drivers, (3) what statute of limitations applies to the DOL's

6    claims, (4) whether the DOL is entitled to equitable tolling of the statute of limitations; (5)

7    whether liquidated damages are available, and (6) whether the DOL is entitled to injunctive

8    relief.  The Court addresses each issue in turn.

9        **A. FLSA Classification**

10          The FLSA defines "employee" as "any individual employed by an employer," 29

11    U.S.C. § 203(e)(1), "employ" as including "to suffer or permit to work," § 203(g), and

12    "employer" as "any person acting directly or indirectly in the interest of an employer in

13    relation to an employee," § 203(d).  Courts interpret these terms expansively to effectuate

14    the FLSA's broad remedial purposes.  *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d

15    748, 754 (9th Cir. 1979).  "Neither the common law concepts of 'employee' and

16    'independent contractor' nor contractual provisions purporting to describe the relationship

17    are determinative of employment status." *Nash v. Resources, Inc.*, 982 F. Supp. 1427, 1433

18    (D. Or. 1997).  Instead, "[c]ourts consider the facts as a whole and rely on six factors to

19    analyze the economic realities of the relationship[.]"  *Perez v. Oak Grove Cinemas, Inc.*,

20    68 F. Supp. 3d 1234, 1242 (D. Or. 2014).  These factors, which "are aids to determine the

21    degree of dependence by the individual on the entity," *id.*, are:

22

23                (1) the degree of the alleged employer's right to control the manner in which the work is to be performed;

24                (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

25                (3) the alleged employee's investment in equipment or

26                materials required for his task, or his employment of helpers;

27                (4) whether the service rendered requires a special skill;

28                (5) the degree of permanence of the working relationship; and

(6) whether the service rendered is an integral part of the alleged employer's business.

*Real*, 603 F.2d at 754.

"Whether an individual is an employee or an independent contractor for purposes of the FLSA is a question of law." *Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-cv-00824 JWS, 2015 WL 1299369, at *2 (D. Ariz. Mar. 23, 2015). But the Court can answer this question on summary judgment only where the facts material to the inquiry are undisputed. *See Gillard v. Good Earth Power AZ LLC*, No. CV-17-01368-PHX-DLR, 2019 WL 1280946, at *7 (D. Ariz. Mar. 19, 2019) (finding material factual disputes precluded summary judgment on whether individuals were employees or independent contractors).

The Court finds that material factual disputes and inferences to be drawn from the facts, relevant to the six factors, preclude summary judgment for any party. As non-exhaustive examples, the parties dispute: whether drivers were aware of Diligent's "Driver Code of Conduct" and whether it was actually enforced (Doc. 204 ¶ 41; Doc. 232 ¶ 41); whether Diligent set and enforced drivers' hours and, if so, whether drivers were passed over for jobs if they could not work during those times (Doc. 204 ¶¶ 36-37; Doc. 232 ¶¶ 36-37); whether Diligent expected drivers to check in with supervisors each day, rather than just confirm whether they would be accepting or declining a job (Doc. 204 ¶ 38; Doc. 232 ¶ 38); whether Parts Authority permitted drivers to take breaks (Doc. 204 ¶¶ 125, 133; Doc. 232 ¶¶ 125, 133); whether certain Diligent clients provided tablets to drivers in order to monitor them, rather than simply to collect electronic signatures and confirm deliveries (Doc. 204 ¶ 51; Doc. 200 ¶ 56); the extent to which Parts Authority instructs drivers on how to perform their jobs (Doc. 204 ¶ 158; Doc. 232 ¶ 158); whether Diligent enforced its customers' rules regarding driver conduct (Doc. 204 ¶¶ 48, 129; Doc. 232 ¶¶ 48, 129); whether Diligent drivers are able to use slow periods to perform other work (Doc. 204 ¶ 40; Doc. 232 ¶ 40); whether Diligent enforces a dress code and grooming standards for its drivers (Doc. 204 ¶¶ 23, 56, 67, 161; Doc. 232 ¶¶ 23, 56, 67, 161); whether or how Diligent negotiates rates with its drivers (Doc. 204 ¶¶ 27-28, 30-31; Doc. 232 ¶¶ 27-28, 30-31); and

the relative permanence of drivers' work arrangements (Doc. 204 ¶¶ 15, 70; Doc. 232 ¶¶ 15, 70).  The Court cannot resolve the legal question of whether the drivers were properly classified when so much about the economic realities is genuinely disputed.

### B.  Joint Employers

Two or more employers may be joint employers of an employee, with each employer having individual liability for compliance with the FLSA.  *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983).  "[T]he concept of joint employment should be defined expansively under the FLSA."  *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917 (9th Cir. 2003).  To determine whether an entity qualifies as a joint employer, the Court examines the economic realities of the work arrangement.  *See Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997).  That Court considers the "circumstances of the whole activity," and specifically examines four factors: "whether the alleged employer: (1) had the power to hire and fire the employee[ ], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Bonnette*, 704 F.2d at 1469-70.  The Court cannot resolve this issue as a matter of law, however, if the material facts that inform the inquiry are genuinely disputed.  *See Gillard*, 2019 WL 1280946, at *9.

The Court finds that material factual disputes and inferences to be drawn from the facts, relevant to the four factors, preclude summary judgment on whether Parts Authority and Browne may be held liable as joint employers.

First, Parts Authority.  At a minimum, the parties genuinely dispute whether and to what extent Parts Authority: is involved in contract formation with the drivers (Doc. 202 ¶ 28; Doc. 219 ¶ 28); provides tools and equipment to drivers (Doc. 202 ¶ 29; Doc. 219 ¶ 29); requires drivers to complete administrative paperwork (Doc. 202 ¶ 30; Doc. 219 ¶ 30); maintains records of drivers' time, hours, or other personnel matters (Doc. 202 ¶¶ 75, 76, 78, 83; Doc. 219 ¶¶ 75, 76, 78, 83); disciplined drivers (Doc. 202 ¶¶ 56, 61, 64; Doc. 219 ¶¶ 56, 61, 64); controlled drivers' schedules (Doc. 202 ¶¶ 35, 38, 57, 59, 60; Doc. 219 ¶¶

1    35, 38, 57, 59, 60); and trained, directed, or supervised drivers (Doc. 202 ¶¶ 42, 43, 53, 91;

2    Doc. 219 ¶¶ 42, 43, 53, 91).

3         Second, Browne.  At a minimum the parties genuinely dispute whether and to what

4    extent: Browne is involved in Diligent's day-to-day operations (Doc. 207 ¶¶ 3-9; Doc. 220

5    ¶¶ 3-9); Diligent's customers and drivers know of and interact with Browne (Doc. 207 ¶¶

6    10, 12, 13; Doc. 220 ¶¶ 10, 12, 13); and Browne was personally involved in contract

7    formation, setting the terms of work, hiring, and firing (Doc. 207 ¶¶ 14, 15, 20, 22, 23;

8    Doc. 220 ¶¶ 14, 15, 20, 22, 23).

9         The Court cannot resolve the legal question of whether Parts Authority and Browne

10    are joint employers when so much about the economic realities is genuinely disputed.

11    **C. Statute of Limitations**

12         The FLSA imposes a two-year statute of limitations for actions brought to recover

13    damages for an employer's failure to pay the federal minimum wage or overtime pay.

14    *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016).  Where claims arise from

15    an employer's willful violation of the FLSA, the statute of limitations may be extended to

16    three years. *Id.* "A violation is willful if the employer knew or showed reckless disregard

17    for the matter of whether its conduct was prohibited by the FLSA." *Id.* (internal quotation

18    and citation omitted).  Reckless disregard includes "failure to make adequate inquiry into

19    whether conduct is in compliance" with the FLSA, 5 C.F.R. § 551.104, and an employer

20    thus acts willfully by "disregard[ing] the very 'possibility' that it was violating the statute."

21    *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-09 (9th Cir. 2003). The Court, however, will not

22    "presume that conduct was willful in the absence of evidence." *Id.* at 909.  Moreover, the

23    Court will not resolve a statute of limitations argument on summary judgment if there are

24    genuine and material fact disputes touching on whether the employer's conduct was willful.

25    *See Gillard*, 2019 WL 1280946, at *10.

26         To the extent the DOL seeks a summary judgment ruling that Diligent and Parts

27    Authority acted willfully, its motion is denied.  If the Court cannot determine as a matter

28

- 5 -

of law that Diligent and Parts Authority violated the FLSA by misclassifying the drivers, it necessarily cannot say as a matter of law that they did so willfully.

Diligent and Parts Authority seek the opposite: a ruling that, even assuming they misclassified the drivers, they did not do so willfully. But the Court finds that material factual disputes and inferences to be drawn from the facts preclude summary judgment on willfulness. For example, Diligent relies heavily on the fact that it relied on legal advice when crafting its independent contractor model, but the DOL points out that an independent law firm concluded in 2000 that Diligent's drivers likely were employees. The DOL also questions whether the legal opinion Diligent solicited was predicated on an accurate understanding of the economic realities—an issue that, as explained above, is rife with factual disputes. (*See* Doc. 214 at 26-27.)

As for Parts Authority, reasonable inferences can be drawn in favor of either party on this issue. For example, Parts Authority argues that the law governing joint employer relationships was unsettled at the time, but "the absence of binding authority directly on point is not dispositive." *Flores*, 824 F.3d at 907. Parts Authority also argues that it relied on Diligent's representations that its independent contactor model had been challenged and upheld in court, but the DOL notes that Parts Authority did not take affirmative action of its own to assure compliance. Moreover, before procuring drivers through Diligent, Parts Authority employed its own employee drivers to provide the same services, which arguably should have put Parts Authority on notice that Diligent's independent contractor model might not be FLSA-compliant. Although the DOL's willfulness allegations against Parts Authority are no doubt weaker than those against Diligent, the Court cannot say on summary judgment that there is no competing evidence on this point, or that reasonable inferences cannot be drawn in favor of either party. Summary judgment on this issue is denied.

### D. Equitable Tolling

Next, the parties quarrel over whether the DOL is entitled to equitable tolling of the statute of limitations as of April 2012. "Equitable tolling is a rare remedy to be applied in

unusual circumstances, not as a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007).  The Ninth Circuit has instructed that equitable tolling is available only in "extreme cases" and should be "applied sparingly."  *Lee v. Venetian Casino Resort, LLC*, 747 Fed. App'x 607, 608 (9th Cir. 2019).  There are three principal situations when equitable tolling may be appropriate: (1) when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant; (2) when extraordinary circumstances beyond a plaintiff's control made it impossible to file a claim on time; and (3) when a party is unable to obtain vital information bearing on the existence of the claim.  *See, e.g., Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).

The DOL began investigating Diligent in April 2015.  While the investigation progressed, DOL asked Diligent to enter into an agreement tolling the limitations period from April 13, 2012, through April 14, 2016.  The agreement provided that it would be effective when signed by representatives of both parties.  Diligent signed the agreement; the DOL did not.  Several months later, the DOL asked Diligent to enter into a second agreement, which sought to extend the tolling period through April 14, 2017.  This agreement also provided that it would be effective when it is signed by representatives of both parties.  Diligent again signed; the DOL again did not.  In August 2016, Diligent notified the DOL that it was withdrawing its consent to the tolling agreements, evidently because it "changed its mind."  Thereafter, the DOL did not ask Diligent or Parts Authority to enter into any other tolling agreements.

Diligent raises a strong argument that the DOL's failure to sign these tolling agreements render them invalid.  By their terms, the tolling agreements became effective upon the signatures of both parties, but the DOL never signed either agreement.  Under similar circumstances, the First Circuit found a tolling agreement to be invalid.  *See U.S. v. Spector*, 55 F.3d 22, 25-26 (1st Cir. 1995).  In arguing otherwise, the DOL relies on *Harris v. Bruister*, No. 4:10cv77-DPJ-FKB, 2013 WL 6805155, at *7-8 (S. D. Miss. Dec. 20, 2013), which concluded that the government's failure to sign a tolling agreement did

not render it unenforceable.  But unlike here and in *Spector*, the agreements in *Harris* did not include language expressly providing that they would take effect upon the signatures of both parties.  *Id.*

But the Court need not resolve this issue.  The DOL argues that, regardless of whether these tolling agreements are enforceable, Diligent knowingly and voluntarily waived its statute of limitations defense by signing these agreements and acting in accordance with them.  The Court agrees.  A defendant's signature on an agreement is strong evidence of a valid waiver.  *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).  And on this score the Court finds *Harris* persuasive.  There, the district court concluded that "even if the tolling agreements are not enforceable contracts for lack of execution, they still reflect a valid waiver."  *Harris*, 2013 WL 6805155, at *8.  Diligent evidenced a knowing and voluntary intent to relinquish its statute of limitations defense when it signed these tolling agreements, and although no representative of the DOL signed these agreements, they reflect Diligent's intent, and both parties operated as if it was in force— the DOL, by not filing suit earlier, and Diligent by entering into a second tolling agreement even after the DOL failed to execute the first, and providing notice when it decided to withdraw its consent to the tolling agreement.  *See Id.*  The Court therefore finds that Diligent has waived its statute of limitation defense.

This does not resolve the issue as to Parts Authority, however, because Parts Authority did not sign any tolling agreement with the DOL.  And having reviewed the parties' briefs, the Court finds no basis for tolling the statute of limitations as to Parts Authority.  The DOL argues that equitable tolling as to Parts Authority is appropriate because Parts Authority intended to mislead drivers about their classification status.  But the evidence the DOL cites merely supports that Parts Authority considered its drivers independent contractors and communicated that classification decision to them.  Misclassification itself is not a basis for equitable tolling.  "To grant equitable tolling in such circumstances would void the statute of limitations entirely, as any FLSA plaintiff would qualify."  *Prentice v. Fund for Pub. Interest Research, Inc.*, No. C-06-7776 SC,

2007 WL 2729187, at *3 (N.D. Cal. Sep. 18, 2007).  The DOL fails to offer evidence of "extraordinary circumstances beyond [its] control [that] prevented [it] from filing [its] claims sooner," or of misconduct by Parts Authority apart from the alleged misclassification itself.  *Id.*  The DOL therefore is not entitled to equitably toll the statute of limitations with respect to its claims against Parts Authority.

### E.  Availability of Liquidated Damages

Next, both Diligent and Parts Authority argue that they have established, as a matter of law, a good faith defense precluding liquidated damages.  An employer who violates the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b)  But if the employer shows that it acted in "good faith" and that it had "reasonable grounds" to believe that its actions did not violate the FLSA, "the court may, in its sound discretion, award no liquidated damages[.]" 29 U.S.C. § 260. "To avail itself of this defense, the employer must establish that it had an honest intention to ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that its conduct complied with the Act." *Flores*, 824 at 904-05 (cleaned up, with internal quotations and citations omitted). "Whether the employer acted in good faith and whether it had objectively reasonable grounds for its action are mixed questions of fact and law." *Id.*

The Court has determined that it cannot not say as a matter of law whether Diligent or Parts Authority acted willfully; material factual disputes and inferences to be drawn from the facts preclude a definitive answer to that question on summary judgment.  Given that determination, the Court necessarily cannot find as a matter of law that Diligent and Parts Authority acted in good faith.  The Court reserves on this question, just as it reserves on the willfulness issue.

### F.  Availability of Injunctive Relief

Lastly, Diligent argues that injunctive relief is inappropriate because its drivers are independent contractors.  The Court finds material factual disputes preclude summary

judgment on the issue of the drivers' FLSA classification.  As such, the Court cannot take injunctive relief off the table at this time.

**G. Summary**

All parties have moved for summary judgment on most of the issues in this case. But their briefing is littered with disputes of fact, and even though many of the issues raised are questions of law, the Court cannot answer those questions in a summary judgment posture if the facts material to the inquiries are genuinely disputed or if reasonable inferences may be drawn in favor of either party on those facts.  The Court therefore denies summary judgment on the ultimate issue of the drivers' FLSA classification, on the applicable statute of limitations, and on Diligent's and Parts Authority's good faith affirmative defenses to liquidated damages.  The Court finds that the DOL is entitled to equitably toll the statute of limitations as to its claims against Diligent because, by signing the tolling agreements and acting in accordance with them, Diligent evidenced a knowing and voluntary decision to waive its statute of limitations defense for that period.  But as to the DOL's claims against Parts Authority, the Court grants summary judgment for Parts Authority and against the DOL on the issue of equitable tolling.

**IT IS ORDERED** as follows:

1. Diligent's motion for summary judgment (Doc. 199) is **DENIED**.

2. Parts Authority's motion for summary judgment (Doc. 201) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

3. The DOL's motion for summary judgment (Doc. 203) is **DENIED**.

4. Browne's motion for summary judgment (Doc.205) is **DENIED**.

///

///

///

5. The parties shall appear for a telephonic trial scheduling conference before Judge Douglas L. Rayes on **April 14, 2022, at 11:00 a.m.** (Arizona time).  Call-in instructions will be provided via separate email. The parties shall come to the trial scheduling conference prepared to discuss the DOL's motion to modify the scheduling order (Doc. 260).

Dated this 31st day of March, 2022.

Douglas L. Rayes
United States District Judge